# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CALVIN MAURICE ALLEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 13-00417-KD-B |
| | * | |
| SAM COCHRAN, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff Calvin Maurice Allen is a Mobile County Metro Jail ("Metro Jail") pretrial detainee, who is proceeding *pro se* and *in forma pauperis.* Allen filed the instant action seeking relief under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful review of the complaint, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. Complaint. (Doc. 1).

Allen identified as Defendants Mobile County Sheriff Sam Cochran and Metro Jail Warden Trey Oliver, III. (Doc. 1 at 5). The allegations in Allen's complaint are extremely brief. The pertinent allegations are set forth below.

Allen, who has appointed criminal defense counsel, and is currently confined at the Metro Jail, alleges that the facility

provides no access to a law library or law material. (Id., at 4-5).   Allen further contends that he has been denied access to the courts and to the law library or legal material, and that because  "of this deprivation, pretrial detainees [such as him] have no way of knowing their legal rights [under] the law." (Id., at 4-5).   Allen also alleges that there is no way for him "to access law materials needed to file *pro-se* motions to the courts due to the ineffectiveness of appointed coun[s]el." (Id., at 4).   For relief, Allen seeks $250,000 in compensatory damages, jointly and severally from Defendants, $500,000 in punitive damages, and all other relief deemed appropriate by the Court.

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Allen is proceeding *in forma pauperis*, the Court is screening his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).   A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id., 490 U.S. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney,

3

Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662). A plaintiff's factual allegations are treated as true, but conclusory assertions and a recitation of a cause of action's elements are not. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

Allen's claim is properly characterized as one for denial of access to the courts. Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 2187 n.12, 153 L. Ed. 2d 413 (2002) (recognizing that a right of access to courts arises from the First, Fourth, or Fourteenth Amendments). In the pivotal case of Bounds v. Smith, the Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

4

libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 825, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). Later, in Lewis v. Casey, the Court observed that an inmate's right of access to the courts can be fulfill in different ways, for example, access to law libraries, a system of court-provided forms, or minimal access to legal advice. 518 U.S. 343, 352, 354, 116 S. Ct. 2174, 2181-82, 135 L. Ed. 2d 606 (1996). The Lewis Court also clarified that the Bounds decision "did not create an abstract, freestanding right to a law library or legal assistance[.]" Lewis, 430 U.S. at 351. The Lewis Court noted "law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. (quotation marks omitted).

Because there is not a freestanding right to a law library or legal assistance, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id., 430 U.S. at 351. The Lewis Court held that "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. The inmate

must show that he sustained an actual injury by showing that he was frustrated or impeded in attacking his conviction, directly or collaterally, or in a civil rights action seeking to vindicate basic constitutional rights. Id., at 354, 355, 116 S. Ct. at 2181-82; see Cunningham v. District Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1271 (11th Cir. 2010) ("The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts."). The inmate must further show that the claim that he was advancing was a nonfrivolous claim. Lewis, 518 U.S. at 353, 116 S. Ct. at 2181. This underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher, 536 U.S. at 415-16. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355.

In the present action, Allen alleges that he does not have access to a law library or law materials. He does not identify the action for which he needs to have access to a law library or legal materials, but the Court deduces that it is a criminal proceeding that could lead to a criminal conviction in light of

his assertion that he has been appointed counsel and that the grand jury is hearing a charge of second-degree domestic violence against him. (Doc. 1 at 3, 5). Nor does Allen argue or present any facts that demonstrate that he has a nonfrivolous claim. The only allegations approaching an underlying claim are his statements that he has no way of knowing about his rights and that he needs to file a *pro se* motion due to his appointed counsel's ineffectiveness. (Doc. 1 at 4). On the other hand, and most importantly, Allen advises that counsel has been appointed to represent him. (Id., at 3).

The case for which Allen is seeking access to a law library or legal materials appears to be his criminal case. An initial criminal proceeding is not one of the actions identified in Lewis in which an injury for a claim for denial of access to courts can be established. Lewis, 518 U.S. at 355 (finding that an inmate's claim for denial of access to courts must be based on an underlying action that attacks a conviction, on a direct appeal or in a post-conviction proceeding, or that is a civil rights action seeking vindication of a basic constitutional right); cf. Wilson v. Blankenship, 163 F.3d 1284, 1287, 1291 (11th Cir. 1998) (finding that an *in rem* forfeiture action was not one of the actions specified by Lewis in which a claim for the denial of access to courts will lie). Furthermore, Allen

has not articulated a plausible nonfrivolous claim but has just simply made a demand for access and alleged, in a conclusory fashion, that his appointed counsel is ineffective. The undersigned finds, under the circumstances, that Allen's legal representation prevents him from establishing that he has been deprived access to the courts. Id. (finding inmate's claim that the absence of a law library at the jail caused him to plead guilty to the pending charge did not show a violation of his right of access to courts); Baity v. Campbell, 2011 U.S. Dist. LEXIS 90935, at *8, 2011 WL 3648237, at *2 (N.D. Fla. July 13, 2011) (unpublished) (finding as frivolous an inmate's claim for denial of access to a law library because he was dissatisfied with his court-appointed counsel's performance); Smith v. Hutchins, 426 Fed. App'x 785, 789 (11th Cir. 2011) (unpublished) (affirming the *sua sponte* dismissal of a denial of access to courts claim because "a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel" and listing prior circuit cases),[1] cert. denied, 132 S. Ct. 272 (2011); see also Kane v. Garcia Espitia,

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

546 U.S. 9, 10, 126 S. Ct. 407, 163 L. Ed. 2d 10 (2005) (holding in a habeas case that there was no clearly established right under federal law for access to a jail law library while a pretrial detainee is proceeding as a *pro se* defendant in a criminal case after discharging his lawyer). Accordingly, the undersigned determines that Allen's claim is frivolous because it lacks an arguable basis in the law.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific,

an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **May, 2014.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**